OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State of Ohio, Appellant, v. Larabee, Appellee.
[Cite as State v. Larabee (1994),    Ohio St. 3d    .]
Criminal procedure -- Termination of proceeding before jeopardy
     has attached does not entitle an accused to relief under
     Double Jeopardy Clause -- Jeopardy does not attach when
     trial court grants motion to dismiss indictment.
1.   Termination of a proceeding before jeopardy has attached
does not entitle an accused to relief under the Double Jeopardy
Clause.
2.   Jeopardy does not attach when a trial court grants a
motion to dismiss an indictment.
     (No. 93-200 -- Submitted January 25, 1994 -- Decided May
25, 1994.)
     Appeal from the Court of Appeals for Fairfield County, No.
8-CA-92.
     Appellee, Gerald Larabee, was indicted for violating R.C.
2933.52(A), interception of oral communications.  Appellee pled
not guilty at his arraignment.  Appellee filed a motion to
dismiss the indictment, and an oral hearing was held on the
motion on March 11, 1992.  The trial court granted the motion
to dismiss the indictment, holding that the indictment failed
to state an offense under R.C. 2933.52(A).
     The state appealed to the Court of Appeals for Fairfield
County, contending that the trial court had erred in dismissing
the indictment.
     The court of appeals declined to decide the merits of the
state's appeal.  The appellate court reasoned as follows:
     "It appears from the record that the instant cause was
resolved in the trial court after a hearing was held wherein
sworn testimony was received and the parties stipulated the
remaining facts of the case.  As such, double jeopardy
principles attached when the trial court determined from the
hearing that the indictment charging appellant should be
dismissed.  In our view, under the particular facts of this
case, the dismissal was tantamount to a judgment of acquittal
for which the State failed to seek leave of this court for
review of the substantive law rulings, pursuant to R.C.
2945.67(A)."

The appellate court dismissed the state's appeal.

This cause is now before this court pursuant to the allowance of a motion to certify the record.

Richard L. Ross, Special Prosecutor, for appellant.

Lantz, Lantz & Lipp and Charles Lantz; and Harry R. Reinhart, for appellee.

Terry L. Hord, Hardin County Prosecuting Attorney, urging reversal for amicus curiae, Ohio Prosecuting Attorneys Association.

Pfeifer, J.,    The issue before us is whether the court of appeals correctly dismissed the state's appeal.  For the following reasons, we find that the dismissal by the court of appeals was improper.

In oral arguments appellee with candor declined to support the court of appeals' conclusion that jeopardy had attached when the trial court granted the appellee's motion to dismiss.

Appellee's concession was prudent because the conclusion of the court of appeals is not supported by the law. "Termination of a proceeding before jeopardy has attached, even if harmful to the defendant in some way, does not entitle him to relief under the double jeopardy clause, while termination thereafter is a bar to reprosectuion if it was by acquittal or conviction or by other means not justified by a 'manifest necessity.'" LaFave & Israel, Criminal Procedure (1985) 900, Section 24.1(c).

The United States Supreme Court case of Serfass v. United States (1975), 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265, applies this rule of law and is completely dispositive of the case before us.  The Serfass court held that jeopardy did not attach when a trial court granted a pretrial motion to dismiss an indictment after receiving evidence, stipulations and arguments relative to the motion.  In Serfass, the government, through an indictment, charged  the defendant with failing to report for and submit to induction into the armed forces.  In response to this indictment, the defendant moved for dismissal based on the fact that he had filed for conscientious objector status and that his draft board had wrongly refused to reopen his file.  After reviewing evidence presented by the defendant, the trial court dismissed the indictment against him.

The government appealed this dismissal.  In his brief attempting to quash the government's appeal, Serfass argued that the appellate court lacked jurisdiction because further prosecution was prohibited by the Double Jeopardy Clause of the Fifth Amendment.  The court of appeals rejected this contention.

The United States Supreme Court also rejected the defendant's argument, holding that "[w]ithout risk of determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy." Id. at 391-392, 95 S.Ct. at 1064, 43 L.Ed.2d at 276.  Applying this test to the facts before it, the Serfass court held that jeopardy had not attached when the trial court dismissed the indictment.

The Serfass court also rejected the defendant's argument that double jeopardy had attached because the trial court's dismissal of the indictment on the merits of the case was a

"functional equivalent of an acquittal on the merits." Id. at 392, 95 S.Ct at 1064, 43 L.Ed.2d at 276.1  Because double jeopardy occurs when the government appeals an acquittal on the merits, the defendant argued that appellate review of the dismissal of the indictment was not permissible.  The court reasoned that "an accused must suffer jeopardy before he can suffer double jeopardy."  Id. at 393, 95 S.Ct at 1065, 43 L.Ed.2d at 277.  Because jeopardy had not attached to the pretrial procedure, the defendant was precluded from asserting a double jeopardy defense.

By applying Serfass to the case before us, we conclude that jeopardy did not attach when the trial court granted the appellee's motion to dismiss the indictment.  The relevant facts in this case are indistinguishable from those in Serfass.  Because the defendant in this case had not waived his right to a jury trial, there was no risk that he could have been found guilty at the pretrial hearing.  Thus, the court of appeals erred when it found jeopardy had attached.

Pursuant to R.C. 2945.67(A), the state may appeal the "decision of a trial court in a criminal case * * * which * * * grants a motion to dismiss all or any part of an indictment."2 Therefore, we reverse and remand this cause to the court of appeals to address the merits of the state's appeal.

Judgment reversed
and cause remanded.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.

FOOTNOTES:
1    This argument made by the defendant in Serfass is strikingly similar to the analysis of the court of appeals in the case before us, which held that "under the particular facts of this case, the dismissal was tantamount to a judgment of acquittal * * *."
2    The full text of R.C. 2945.67(A) provides:
"A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter or [of] right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case."